1

2          UNITED STATES DISTRICT COURT

3          SOUTHERN DISTRICT OF CALIFORNIA

4  CHRIS LANGER,                     Case No.:  14cv1071 BTM(WVG)

5                        Plaintiff,  **ORDER GRANTING MOTION**
                                     **FOR DEFAULT JUDGMENT**
6  vs.                               **AGAINST GTAC, INC. AND**
                                     **DENYING MOTION FOR**
7  GTAC, Inc., dba Fuel Systems      **DEFAULT JUDGMENT**
   Parts; Alejandro Cueva; and Does  **AGAINST DEFENDANT CUEVA**
8  1-10,

9                        Defendants.

10

11         Plaintiff Chris Langer has filed a motion for default judgment against

12  Defendants Alejandro Cueva and GTAC, Inc. ("GTAC"), dba Fuel Systems Parts.

13  Plaintiff's motion is **DENIED** as to Defendant Alejandro Cueva because the Court

14  has vacated the entry of default against Cueva.  However, Plaintiff's motion is

15  **GRANTED** as to Defendant GTAC.

16

17                    I. <u>BACKGROUND</u>

18         On April 29, 2014, Plaintiff filed this action.  Plaintiff uses a wheelchair for

19  mobility and alleges that he was denied equal access to FSP Auto Service and

20  Parts Distributor ("FSP"), located at or about 7005 Alamitos Avenue, San Diego,

1

California, because there were no accessible parking spaces.   In Plaintiff's Second Amended Complaint ("SAC"), Plaintiff alleges violations of the Americans with Disabilities Act, the Unruh Civil Rights Act, and the California Disabled Persons Act, in addition to a negligence claim.

On September 24, 2014, Plaintiff requested entry of default against GTAC. On September 25, 2014, the Clerk granted Plaintiff's request and entered default against GTAC.

## II. __STANDARD__

Entry of default judgment is governed by Federal Rule of Civil Procedure 55(b) and is left to the trial court's sound discretion.   Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).   After default has been entered, the well-pleaded factual allegations of the complaint, except those relating to the amount of damages, shall be taken as true.   Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).   In determining damages, the court can rely on evidence submitted by the plaintiff or may conduct a full evidentiary hearing.   Fed. R. Civ. P. 55(b)(2).   A judgment by default shall not award damages that are different from or exceed the amount requested in the plaintiff's complaint.   Fed. R. Civ. P. 54(c).

Factors which may be considered by courts in exercising their discretion as

1  to whether to enter default judgment include: (1) the possibility of prejudice to

2  plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the

3  complaint; (4) the sum of money at stake in the action; (5) the possibility of a

4  dispute concerning material facts; (6) whether the default was due to excusable

5  neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure

6  favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir.

7  1986).

8

9                              **III. <u>DISCUSSION</u>**

10        Plaintiff seeks default judgment against GTAC.  Plaintiff requests that the

11  Court issue injunctive relief, in addition to statutory damages, attorney's fees, and

12  costs totaling $10,050.00.  The Court grants Plaintiff's motion.

13

14  A. <u>Eitel Factors</u>

15        The <u>Eitel</u> factors weigh in favor of granting default judgment. The defaulting

16  defendant was properly served [Doc. 12] and given ample opportunity to respond

17  to the complaint but has failed to do so.  There is no indication that the default

18  was due to excusable neglect.  As discussed below, Plaintiff has meritorious

19  claims against GTAC, and will be left without an adequate remedy if default

20  judgment is not entered.   The sum of money at stake in this litigation is only

14cv1071 BTM(WVG)

$10,050.00 and is not unreasonable in relation to the seriousness of the defendant's conduct.  Therefore, default judgment is appropriate.

B.  Merits of Claims

   1.  Title III, ADA Claim

    Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  To prevail on an ADA claim, the plaintiff must establish: (1) he or she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his or her disability.  Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).

    Plaintiff cannot walk and uses a wheelchair for mobility.  (Langer Decl. ¶ 2.)  Accordingly, Plaintiff is "disabled" within the meaning of the ADA, 42 U.S.C. § 12102(a)(1)(A).

    FSP is a service establishment that qualifies as a place of public accommodation.  42 U.S.C. § 12181(7)(F).  The evidence shows that GTAC was

4

1   an owner of FSP.  (Pl. Ex. 5.)

2       The third element – that the plaintiff was denied public accommodations on

3   the basis of disability – is satisfied if the defendant failed to remove architectural

4   barriers   where   such   removal   was   readily   achievable.      42   U.S.C.   §

5   12182(b)(2)(A)(iv).   The ADA Accessibility Guidelines ("ADAAG") provide "the

6   objective  contours  of  the  standard  that  architectural  features  must  not  impede

7   disabled individuals' full and equal enjoyment of accommodations."  Chapman v.

8   Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011).   Therefore, "if a

9   barrier violating these standards relates to a plaintiff's disability, it will impair the

10  plaintiff's full and equal access, which constitutes 'discrimination' under the ADA."

11  Id. at 947.

12      Under  both  the  1991  and  2010  ADAAG  standards,  any  business  that

13  provides  parking  spaces  must  provide  handicap  parking  spaces  conforming  to

14  the Guidelines' specifications.  28 C.F.R. pt. 36, App. D, § 4.1.2(5); 36 C.F.R. pt.

15  1191, App. C, § 208.   Under the 1991 standards, one in every eight accessible

16  spaces, but not less than one, shall be designated "van accessible."   28 C.F.R.

17  pt. 36, App. D, §4.1.2(5)(b).   Under the 2010 standards, at least one in every six

18  accessible  parking  spaces  shall  be  a  van  parking  space.   36  C.F.R.  pt.  1191,

19  App. C § 208.2.4.   When Plaintiff went to FSP in May of 2013, there was no

20

1  designated accessible parking for use by persons with disabilities.  (Langer Decl.

2  ¶ 4; Taylor Decl. ¶ 3.)

3  Plaintiff alleges that removal of the architectural barriers was readily

4  achievable.  (SAC ¶ 20.)  This allegation is sufficient to satisfy Plaintiff's burden

5  of production on this issue.  See Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998,

6  1011 (C.D. Cal. 2014).    Accordingly, Plaintiff has established a meritorious

7  claim under Title III of the ADA.

8

9  2.  Unruh Civil Rights Act Claim

10  Plaintiff seeks statutory damages under the Unruh Civil Rights Act

11  ("UCRA"). Under the UCRA, the plaintiff is ordinarily entitled to an award of

12  statutory damages of no less than $4,000 for each offense.  Cal. Civ. Code §

13  52(a).  Plaintiff requests a single statutory minimum penalty assessment of

14  $4,000.

15  The UCRA incorporates the ADA, and a violation of the ADA is actionable

16  under California law.  Cal. Civ. Code § 52(f).  To recover statutory damages, a

17  plaintiff must show that a particular barrier personally affected him and denied

18  him full and equal access.  Moeller v. Taco Bell Corp., 2012 WL 3070863, at *4

19  (N.D. Cal. 2012).  "A violation personally encountered by a plaintiff may be

20  sufficient to cause a denial of full and equal access if the plaintiff experienced

6

difficulty, discomfort, or embarrassment because of the violation." Cal. Civ. Code § 55.56(c).

Plaintiff states that due to the lack of a single functioning compliant handicap parking space, he was deterred from patronizing FSP. (Langer Decl. ¶¶ 4-5.) This is sufficient evidence to support an award of statutory damages in the amount of $4,000.

C. <u>Attorney's Fees and Costs</u>

Plaintiff requests an award of attorney's fees in the amount of $5,610 and costs in the amount of $440 (filing fee and service costs). On June 2, 2015, the Court held a hearing regarding the requested attorney's fees and costs.

A prevailing plaintiff is entitled to an award of attorney's fees under both Title III of the ADA and the UCRA. <u>See</u> 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Plaintiff requests attorney's fees for 13.2 hours at the rate of $425 an hour. At the June 2 hearing, counsel for Plaintiff confirmed that 2.8 hours of the requested 13.2 hours were spent opposing the motion to dismiss brought by Cueva. Because this work did not relate to the defaulting defendant GTAC, the Court will deduct 2.8 hours from the requested fees.

Otherwise, the Court finds that the amount of time expended on the case, including drafting complaints and drafting the instant motion for default judgment,

was reasonable.  The Court also finds that the hourly rate is reasonable given Mark Potter's extensive expertise in the area of disability rights.  (Potter Decl. ¶¶ 6-8.)  Therefore, the Court awards Plaintiff $4,420 in attorney's fees (10.4 x $425).

The Court also awards Plaintiff costs in the amount of $420.  Plaintiff originally requested $440 in costs.  However, as disclosed at the June 2 hearing, $20 of the requested costs were for service of process on Cueva.

Because the Court is awarding Plaintiff attorney's fees for preparing the complaints and is awarding the $400 civil filing fee, Plaintiff may not seek to recover these amounts if Plaintiff ultimately prevails against defendant Cueva.

## IV.  <u>CONCLUSION</u>

For the reasons discussed above, Plaintiff's motion for default judgment is **GRANTED** as to defendant GTAC, Inc., only.  Plaintiff's motion is **DENIED** as to defendant Cueva.

//

//

//

//

//

1    The Court enters judgment in favor of Plaintiff and against GTAC, Inc., dba

2  Fuel Systems Parts, in the amount of $8,840.  The Court also orders GTAC, Inc.,

3  to provide and designate accessible parking in compliance with the ADAAG at

4  the property located at or about 7005 Alamitos Avenue, San Diego, CA, 92154.

5  **IT IS SO ORDERED.**

6  Dated:  June 3, 2015

7  Barry Ted Moskowitz, Chief Judge
   United States District Court

9